[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (#131.60) AS TO INTERVENING COMPLAINT
By a six-count amended intervening complaint dated December 7, 1992, the plaintiff, White Oak Corporation ("White Oak"), brings this action against the defendants, Joseph Scacciaferro and Appleby and Cutone, Inc. ("Appleby and Cutone"). The action arises out of the death of Joseph P. Muli, Sr., an employee of White Oak, in a fatal accident allegedly involving the defendants. White Oak brings this action in order to seek compensation for obligations and expenses incurred as Muli's employer.
The plaintiff alleges that on or about April 29, 1991, the decedent was employed by White Oak Construction Company CT Page 7597 ("White Oak"). The plaintiff alleges that the decedent was working on a construction project on the Arrigoni Bridge in the easternmost southbound travel lane along Route 9 South. The plaintiff alleges that at the time the defendant Scacciaferro was the operator of a dump truck in the same construction area where the decedent worked. The plaintiff alleges that the decedent was standing in the easternmost southbound lane of Route 9 when the truck operated by Scacciaferro entered the highway from nearby Miller Street. The plaintiff alleges that Scacciaferro proceeded to backup in the travel lane and collided with the plaintiff's decedent causing fatal injuries.
In counts one and two, the plaintiff asserts a cause of action for negligence against the defendants Scacciaferro, and Appleby and Cutone respectively. In counts three and four, the plaintiff asserts an action for wilful and wanton misconduct against Scacciaferro, and Appleby and Cutone respectively. In count five, the plaintiff asserts an action for a violation of General Statutes Secs. 14-218a and 14-222
within the meaning of General Statutes Sec. 14-295 with regards to Scacciaferro. The plaintiff asserts an action based on a violation of General Statutes Sec. 14-222 against Appleby and Cutone in count six.
The defendants filed a motion to strike counts five and six of the plaintiff's amended intervening complaint, and paragraphs 5(f) and (g) of the first count, paragraphs 7(f) and (g) of the second count, paragraphs 5(a) and (b) of the third count, 7(f) and 7(b) of the fourth count. The defendants filed a memorandum of law dated January 27, 1993.
"The motion to strike is used to test the legal sufficiency of a pleading." Ferryman v. Groten, 212 Conn. 138,142, 561 A.2d 432 (1989), citing Practice Book Sec. 152. The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of the opinions stated in the pleadings." Mingachos v. CBS, Inc.196 Conn. 91, 108, 491 A.2d 368 (1985). The court "must construe the complaint in the manner most favorable to the pleader." Blancato v. Feldspar, 203 Conn. 34, 36,522 A.2d 1235 (1987).
"[A]n individual paragraph contained in a complaint is not the proper subject of a motion to strike unless it embodies CT Page 7598 an entire cause of action." Depray v. St. Francis Hospital,2 CSCR 691 (June 9, 1987, Dorsey, J.), citing Donovan v. Davis,85 Conn. 394, 396-98 (1912); Schrader v. Rosenblatt,26 Conn. Sup. 182, 183, (1965).
I. Counts Five and Six
The defendant argues that the plaintiff's claim under General Statutes Sec. 14-295 are legally insufficient because neither General Statutes Secs. 14-222 nor 14-218a apply to a closed construction site. The defendant argues that the locus of the alleged fatal accident was a construction site closed to traffic. The defendant argues that the language of both General Statutes Secs. 14-222 and 14-218a require that the violation occur on public highway. The defendant argues that because the accident occurred in a "posted construction area" that was "closed to traffic" there can be no violation of General Statutes Sec. 14-295, and therefore counts five, six, eleven and twelve should be stricken.
General Statutes Sec. 14-295 provides:
 In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property.
General Statutes Sec. 14-218a(a) (b), entitled "Traveling unreasonably fast," provides in part:
 (a) No person shall operate a motor vehicle upon any public highway of the state, or road of any specially charted municipal association or any district organized under the provisions of chapter 105, a purpose of which is the construction and maintenance of roads and sidewalks, or on any parking area as defined in section CT Page 7599 14-212, or upon a private road on which a speed limit has been established in accordance with this subsection, or upon any school property, at a rate of speed greater than is unreasonable, having regard to the width, traffic and use of highway, road or parking area, the intersection of streets and weather conditions. . . .
 (b) Any person who operates a motor vehicle at a greater rate of speed than is reasonable, other than speeding, as provided for in section 14-219, shall commit the infraction of traveling unreasonably fast.
General Statutes Sec. 14-222, entitled "Reckless driving," provides:
 (a) No person shall operate any motor vehicle upon any public highway of the state, or any road of any specially chartered municipal association or of any district organized under the provisions of chapter 105, a purpose of which is the construction and maintenance of roads and sidewalks, or in any parking area for ten cars or more or upon any private road on which a speed limit has been established in accordance with the provisions of section 14-218a or upon any school property recklessly, having regard to the width, traffic and use of such highway, road, school property or parking area, the intersection of streets and the weather conditions.
General Statutes Sec. 14-1(34) provides:
 (34) "Highway" includes any state or other public highway, road, street, avenue, alley, driveway, parkway or place, under the control of the state or any political subdivision of the state, dedicated, appropriated or opened to public travel or other use;
 ". . . `A highway is a public way open and free to anyone who has occasion to pass along it on foot or with any kind of vehicle. In every highway the King and his subjects may pass and repass at pleasure.' The essential feature of a highway CT Page 7600 is that it is a way over which the public at large has a right to pass. . . Accordingly, the term `highway' is ordinarily used in contradistinction to a private way, over which only a limited number of person have a right to pass."
(Citations omitted.) State v. Swithcenko, 3 Conn. Cir. 511, 513, 217 A.2d 484 (1966).
The plaintiff alleges in paragraphs three and four of count five that on or about April 29, 1991, at approximately 11:35 a.m.:
 3. At that time and place, the defendant, Joseph Scacciaferro, was the operator of a dump truck in the posted construction area in said easternmost southbound travel lane of Route 9 south, approximately 175 feet south of Miller Street in Middletown, Connecticut.
 4. At said time and place, the plaintiff's decedent, John P. Muli, Sr. was standing in said easternmost southbound travel lane, which had been closed to traffic, facing in a southerly direction, when the dump truck operated by the defendant, Joseph Scacciaferro, entered the highway from Miller Street, backed up in said easternmost southbound travel lane, and collided with the plaintiff's decedent, all of which caused the plaintiff's decedent to sustain and suffer the fatal injuries and loses hereinafter set forth.
It is not in dispute that the easternmost southbound travel lane of Route 9 is a highway pursuant to the definition found in General Statutes Sec. 14-1(34). Route 9 is a public highway under the control of the state or any political subdivision of the state, dedicated, appropriated or opened to public travel or other use. Further, it is not in dispute that the decedent suffered fatal injuries when he was struck by a dump truck driven by the defendant Scacciaferro while standing in the easternmost southbound travel lane of Route 9.
The easternmost southbound lane of Route 9 status as a highway was not so substantially altered by its use as a CT Page 7601 construction traffic lane so as to deprive it of its essential character as a highway. By the very nature of the allegations, that is that the decedent was struck by a dump truck utilizing the traffic lane, indicates that the easternmost southbound lane was being used in some capacity for "public travel" or for some "other use" as provided for in General Statutes Sec. 14-1(34).
The plaintiff's allegation that the accident occurred in an area which was a "posted construction site" only indicates that the lane was being used for another "use" at the time, and it does not indicate that it lost its status as a public highway under the control of the state or any political subdivision of the state. Nor does the allegation that the lane was "closed to traffic" preclude the lane from remaining a "highway" pursuant to General Statutes Sec. 14-1(34). As stated, a public highway is any state or other public highway, "or place", . . . "under the control of the state dedicated, appropriated or opened to public travel or other use." It clearly was a "place" under the control of the state and its "other use" was that of a construction traffic lane. Therefore, it was a "highway" pursuant to General Statutes Sec. 14-1(34).
Moreover, General Statutes Secs. 14-218a and 14-222, which the plaintiff has asserted that the defendants have violated, involve prohibitions on traveling unreasonably fast and recklessly on public highways. Having determined that the easternmost southbound lane of Route 9 was at the very least, a "place" under the control of the state used as a construction traffic lane, the restrictions embodied in General Statutes Secs. 14-218a and 14-222 cannot be deemed inapplicable because of such a use. To the contrary, traffic involving heavy construction equipment with limited visibility in an area where workers are likely to encroach upon the travel lanes of the highway involve safety concerns most appropriately addressed by General Statutes Secs. 14-218a and 14-222.
Therefore, the motion to strike counts five and six is denied.
 II. Paragraphs 5(f) and (g) of the first count, paragraphs 7(f) and (g) of the second count, paragraphs 5(a) and (b) of the third count, 7(f) and 7(b) of the fourth count. CT Page 7602
As stated, an individual paragraph contained in a complaint are not the proper subject of a motion to strike unless ie [it] embodies an entire cause of action. Supra, Depray, 691.
Paragraphs 5(f) and (g) of the first count and paragraphs 7(f) and (g) of the second count assert violations of General Statutes Sec. 14-98a and 49 C.F.R. § 396.17 respectively. The plaintiff alleges that the defendants violated General Statutes Sec. 14-98a by operating a vehicle with tires in an unsafe condition. The plaintiff alleges that the defendants violated 49 CRF Sec. 396.17 by failing to have said motor vehicle properly inspected. Both of these counts are actions by the plaintiff for negligence against the defendants Scacciaferro and Appleby and Cutone.
To the extent that the plaintiff has alleged a violation of the above statutes, such allegations are merely elements to the larger cause of action for negligence embodied in each count. Violation of such statutes do not represent an entire cause of action by themselves as alleged in this action. Therefore, defendants' motion to strike those counts is improper and is denied.
Paragraphs 5(a) and (b) of the third count allege violations of General Statutes Sec. 14-80h, 49 C.F.R. § 396.3
and 29 C.F.R. § 1926-601b3. The plaintiff alleges a violation of General Statutes Sec. 14-80h and 49 C.F.R. § 396.3 by operating a vehicle which had a gross vehicle weight in excess of ten thousand pounds with three defective breakes [brakes]. The plaintiff alleges that the defendants violated 29 CRF Sec. 1926-601b3 by operating a vehicle without a back up warning devise installed. The third count is an action for willful and wanton misconduct.
While the violation of such statutes may be an indication of willful and wanton conduct, they do not, in of themselves, constitute entire causes of action as alleged. Rather, they are elements to the larger cause of action, willful and wanton misconduct, embodied in the entire third count. Therefore, the motion to strike paragraphs 5(a) and (b) of the third count is improper and is denied.
Paragraph 7(b) of the fourth count alleges a violation of 29 C.F.R. § 1926-601b3. The fourth count is an action for wilful and wanton misconduct. As stated above, a motion to strike CT Page 7603 this paragraph is improper because, as alleged, the violation of 29 C.F.R. § 1926-601b3 does not embody an entire cause of action subject to a motion to strike but rather is only an element of the plaintiff's cause of action for wilful and wanton conduct.
Therefore, to the extent that the defendant's motion seeks to strike paragraphs 5(f) and (g) of the first count, paragraphs 7(f) and (g) of the second count, paragraphs 5(a) and (b) of the third count, 7(f) and 7(b) of the fourth count, it is improper and is denied.
HIGGINS, J.
CT Page 7603