On June 3, 1961, at or about 12:40 a.m., the defendant, whose right to operate a motor vehicle in this state was then under suspension, was behind the steering wheel of his disabled automobile, which he tried to guide or steer as he was being pushed along a public highway by another vehicle. Upon these facts, which were not in dispute, the court found the defendant guilty of a violation of § 14-215 of the General Statutes, which provides that "[n]o person . . . whose . . . right to operate a motor vehicle in this state has been suspended . . . shall operate any motor vehicle during the period of such . . . suspension." The defendant's sole assignment of error is that the court erred, as a matter of law, in entering a finding of guilty. The question for our determination is whether a person who controls the direction of his automobile, temporarily incapable of movement under its own power, by manipulating the steering wheel as it is being pushed along a public highway by a second car is guilty of operating a motor vehicle within the meaning of § 14-215.
"Where a vehicle is in motion, the motion need not be induced through the application of the motive power of the vehicle itself in order for one steering such a vehicle . . . to be held guilty of operating *Page 496 
. . . . Thus, in a number of cases a defendant who steered a motor vehicle while it was being towed or pushed by another vehicle has been held to have been operating such vehicle in violation of law." Note, 47 A.L.R.2d 570, 580, and cases therein cited; Chamberlain v. State, 163 Tex.Crim. 529; see 5 Berry, Automobiles (7th Ed.) § 5.386; 8 Blashfield, Cyclopedia of Automobile Law and Practice (Perm. Ed.) § 5393. In Commonwealth v. Clarke,254 Mass. 566, the defendant got into his car for the purpose of locking the transmission. He did not start the motor but merely put his car into neutral. While so engaged, the car, which stood on a slight incline, solely by reason of its own weight and by the law of gravitation moved forward about four feet. The court held: "The engine of a motor vehicle may remain within the control of the driver and he may operate it, under these conditions."
The defendant relies upon a statement in State v.Swift, 125 Conn. 399, 403, a prosecution under the statute prohibiting operation of a motor vehicle while under the influence of liquor, where the court said: "A person operates a motor vehicle within the meaning of this statute, when in the vehicle he intentionally does any act or makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motive power of the vehicle." In that case, however, the court was merely testing the legal sufficiency of the trial court's charge on the subject of operation under that statute and held (p. 404) that "[i]n the absence of any request to charge, the definition with its limitation was adequate for the guidance of the jury." It had no occasion to inquire or decide whether the word "operate" should be given a like meaning when used in connection with other infractions of our motor vehicle laws. See Ehlert v.McElroy, 14 Conn. Sup. 496, where a parked car *Page 497 
was held to be in operation under still another statute.
The trial court could reasonably conclude that the defendant was operating a motor vehicle while his license was under suspension, within the meaning of § 14-215.
 There is no error.
In this opinion WRIGHT and WILLIAMS, Js., concurred.