### STATE OF CONNECTICUT *v.* FRED C. JONES

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. MV 2-19688

Argued April 20—decided May 26, 1964[1]

*Hugh C. Curran,* of Bridgeport, for the appellant (defendant).

*John P. Evans,* prosecuting attorney, for the appellee (state).

JACOBS, J. From a conviction for violating § 14-227 of the General Statutes, providing that "[n]o person shall operate a motor vehicle while under the influence of intoxicating liquor," the defendant has appealed.

---

[1] The oral argument on this appeal was set down at a session of the Appellate Division held on April 20, 1964, at New Haven. The prosecuting attorney appeared at the required time and argued on behalf of the state. Counsel for the defendant, for good cause shown, asked for and was granted permission to present his oral argument at a session of the Appellate Division held on April 27, 1964, at Hartford, before a panel of two judges, with the understanding that Judge Levine, who was assigned elsewhere on that date, would participate in the opinion of the Appellate Division.

· The acts and conduct of the defendant which have been made the subject of this prosecution are: On July 10, 1963, at about 12:20 a.m., the defendant, whose car had stalled at the intersection of Fairfield Avenue and Gilman Street, in Bridgeport, was told by police officers to leave his car and to return home by taxicab. At this time, he was standing near his automobile. He was in an intoxicated condition. The police then left. About twenty-five minutes later, the police received a return call involving the same person. Upon their arrival, they found that (a) the defendant was in his automobile; (b) he was seated behind the steering wheel in the driver's seat; (c) he was turning the key to start the engine; (d) the motor was "sputtering" and "kicking" but would not catch; and (e) the defendant was intoxicated.

The sole issue raised by the defendant for resolution on this appeal was whether the proof established that he was "operating" his automobile within the meaning of § 14-227. Obviously, the judgment of conviction must stand or fall upon the construction to be given to the word "operate."

The operation of a motor vehicle is, of course, an essential ingredient of the offense. *State* v. *DeCoster,* 147 Conn. 502, 504. In *State* v. *Swift,* 125 Conn. 399, 403, our Supreme Court approved the construction to be given to the word "operate" as defined in *Commonwealth* v. *Uski,* 263 Mass. 22, 24, as follows: "A person operates a motor vehicle within the meaning of . . . [the] statute, when in the vehicle he intentionally does any act or makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motive power of the vehicle." See *State* v. *Sweeney,* 77 N.J. Super. 512; *Flournoy* v. *State,* 106 Ga. App. 756. It has been held that starting the engine is

sufficient to constitute operation. *State* v. *Ray,* 4 N.J. Misc. 493; *State* v. *Webb,* 202 Iowa 633. Even though the car has no motive power of its own, it may still be operated. Thus, we held that where a defendant was steering a disabled car which was being pushed along the highway by another vehicle, he was operating under § 14-215 (while his license was under suspension). *State* v. *Ferrenti,* 22 Conn. Sup. 494, and cases there cited. In a Massachusetts case, the defendant returned to his parked vehicle in order to lock the transmission. This required him to "throw the clutch over from the reverse to neutral." Because the car was parked on a slight incline, it rolled forward four feet. This was held enough to constitute operation. *Commonwealth* v. *Clarke,* 254 Mass. 566. And in *State* v. *Storrs,* 105 Vt. 180, the defendant had turned on the ignition of a stalled car and was attempting to start the motor, which could not start because of a wet ignition system. The defendant's conviction for operating was sustained on appeal. In *People* v. *Domagala,* 123 Misc. 757, 758 (N.Y.), the defendant started his motor vehicle six different times, and every time the motor stalled. In upholding the conviction, the court held that the defendant "began to violate the law the instant he began to manipulate the machinery of the motor for the purpose of putting the automobile into motion." See, generally, note, 47 A.L.R.2d 570, 577; 7 Am. Jur. 2d, Automobiles and Highway Traffic, § 256; 61 C.J.S., Motor Vehicles, § 628.

We hold that the defendant's acts, while intoxicated, in entering his automobile, turning the ignition key in order to start the motive power of the engine, which "sputtered" and "kicked" (although it did not catch), and remaining in the driver's seat behind the steering wheel, where he was found by the police, justify the trial court's conclusion that

he was operating the automobile within the meaning of § 14-227.

There is no error.

In this opinion KINMONTH and LEVINE, Js., concurred.