State of Connecticut *v.* Michael J. Switchenko

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 11-9333

Argued October 25—decided November 12, 1965

*Harry Hammer,* of Rockville, for the appellant (defendant).

*James N. Oliver, Jr.,* prosecuting attorney, for the appellee (state).

JACOBS, J. The defendant by information was charged with the crime of operating a motor vehicle while under the influence of intoxicating liquor upon a public highway in this state in violation of § 14-227a of the General Statutes.[1] The defendant was found guilty in a trial to the court. Error is assigned in the conclusion that upon all the evidence

---

[1] The pertinent provisions of § 14-227a are quoted at length in *State* v. *Tarcha,* 3 Conn. Cir. Ct. 43, 44 n.1.

the defendant was guilty beyond a reasonable doubt. The defendant says the evidence was insufficient to support the conviction or its affirmance on appeal.

There was evidence in the record which would warrant the following findings: On January 7, 1965, at about 1:20 p.m., State Trooper Hayden, responding to instructions from the barracks, proceeded to the Conantville section of the town of Mansfield and, upon his arrival at Meadowbrook Road, a tarred-surface highway measuring about seventeen feet in width, he found a 1963 two-door Rambler station wagon resting just off the paved portion of the highway. The defendant was seated behind the steering wheel, the engine was running, and the wheels were spinning in the loose gravel. When the defendant, who was alone, stepped out of his vehicle, the state trooper observed that he staggered and swayed while walking, he became talkative, his speech was slurred and his attitude on the way to the barracks was characterized as "insulting" and "cocky." There was a strong odor of liquor on his breath. He admitted to the officer that he had begun drinking at about 11 a.m. on that day and had consumed three "king-sized" bottles of beer. He did not recall when he had the last one. The officer was of the opinion that the defendant was under the influence of intoxicating liquor and unfit to operate a motor vehicle.

The defendant argues that the state failed to establish that the place where his vehicle was found was on a "public highway" as that term is used in the statute. It is undisputed that Meadowbrook Road is under the control of and is maintained by the town of Mansfield. It is used as a shortcut between the towns of Mansfield and Willimantic. There are shoulders on both sides of the road. Upon the occasion in question, the defendant's car went

off the highway and upon the shoulder in order to avoid a collision with an oncoming truck. In his brief and on oral argument, the defendant contends that "[t]here was no proof whatever, through documentary evidence or otherwise, of the actual boundaries of the highway at the point where the vehicle was found." In *Stavola* v. *Palmer,* 136 Conn. 670, the Supreme Court defined the term "highway" and said (p. 683): "Webster's New International Dictionary (2d Ed.) defines a highway as 'A main road or thoroughfare; hence, a road or way open to the use of the public.'[2] We said in *Laufer* v. *Bridgeport Traction Co.,* 68 Conn. 475, 488 . . . : 'A highway is a public way open and free to anyone who has occasion to pass along it on foot or with any kind of vehicle. In every highway the King and his subjects may pass and repass at pleasure.' The essential feature of a highway is that it is a way over which the public at large has a right to pass. . . . Accordingly, the term 'highway' is ordinarily used in contradistinction to a private way, over which only a limited number of persons have a right to pass." See *Essam* v. *New York, N.H. & H.R. Co.,* 137 Conn. 353, 358; *Reed* v. *Risley,* 151 Conn. 372, 375. Meadowbrook Road is a public highway within the meaning of the *Stavola* case, supra, and within the statutory definition of a "highway." See General Statutes § 14-1 (16). "The shoulders of a highway are an integral part thereof . . . ." 40 C.J.S. 297, Highways, § 255. "The shoulders of a highway, while not designed for ordinary vehicular traffic, are intended for use when need arises." *Griffith* v. *Berlin,* 130 Conn. 84, 87; see *LaRue* v. *Borrman,* 260 App. Div. 337, 342, aff'd,

[2] In Webster's Third New International Dictionary (1961), a highway is defined as "a road or way on land or water that is open to public use as a matter of right whether or not a thoroughfare : a public road or way (as a footpath, road or waterway) including the right-of-way . . . ."

285 N.Y. 550; *Years* v. *Waite,* 14 Misc. 2d 393, 395; *McNaughton* v. *State,* 9 App. Div. 2d 990. Moreover, contrary to the defendant's contention, "[a] public road within the statute [§ 14-1 (16)] is not limited to an official road or one established by prescriptive use." 61 C.J.S. 722, Motor Vehicles, § 629. The state established an essential element of the offense, to wit: that the commission of the act occurred on a public highway within the meaning of the statute.

Operation of the motor vehicle by the defendant at the time and place in question was sufficiently proved under such cases as *State* v. *Swift,* 125 Conn. 399, 403; *State* v. *Ferrenti,* 22 Conn. Sup. 494, 1 Conn. Cir. Ct. 108; *State* v. *LaRiviere,* 2 Conn. Cir. Ct. 221, 224; *State* v. *Jones,* 2 Conn. Cir. Ct. 605; *State* v. *Peirson,* 2 Conn. Cir. Ct. 660, 661; and *State* v. *Plourde,* 3 Conn. Cir. Ct. 465. See *State* v. *Sweeney,* 40 N.J. 359; *Duckett* v. *State,* 108 Ga. App. 317; 61 C.J.S., Motor Vehicles, § 628; 7 Am. Jur. 2d, Automobiles and Highway Traffic, § 256; note, 47 A.L.R.2d 570, 577.

The defendant's final argument, a claim similar to that made to us in *State* v. *Adams,* 2 Conn. Cir. Ct. 481, is that the state failed sufficiently to show intoxication because of the absence in this case of chemical tests or clinical findings. We there said (p. 484): "We are, of course, aware that in the past few decades the evidential value of chemical testing of bodily tissues and fluids to determine their alcohol content has become increasingly more recognized. See notes, 127 A.L.R. 1513, 159 A.L.R. 209; 30 N.C.L. Rev. 302. But the chemical-test finding is, at best, probative and not conclusive evidence. . . . The law permits nonexpert witnesses to testify to objective symptoms commonly associated with alcoholic intoxication, on the theory that sobriety

and intoxication are matters of common knowledge. See 2 Wigmore, Evidence (3d Ed.) §§ 571, 660; 8 Blashfield, Automobile Law and Practice (Perm. Ed.) § 5476. 'The condition of intoxication and its common accompaniments are a matter of general knowledge.' *State* v. *Jones,* 124 Conn. 664, 667; *D'Amato* v. *Johnston,* 140 Conn. 54, 58 . . . ." "Driving while under the influence of liquor means, under the law of Connecticut, that a driver had become so affected in his mental, physical or nervous processes that he lacked to an appreciable degree the ability to function properly in relation to the operation of his vehicle." *Infeld* v. *Sullivan,* 151 Conn. 506, 509. The defendant chose to take the witness stand and offered testimony in his own defense. He denied his intoxication. This presented a question of credibility. The court, upon conflicting evidence, resolved the disputed issue of intoxication against the defendant. "The trial court had the opportunity to observe the witnesses, and their credibility and the evaluation of their testimony were for its determination, not ours." *State* v. *Kreske,* 130 Conn. 558, 562. Upon the state of the record in this case, we cannot say that the trial court was not warranted in concluding that the state met its overall burden of establishing guilt beyond a reasonable doubt. See *State* v. *Bill,* 146 Conn. 693, 697.

There is no error.

In this opinion KOSICKI and DEARINGTON, Js., concurred.