STATE OF CONNECTICUT *v.* LAWRENCE E. TOWNSEND

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 2-31528

Argued April 10—decided May 19, 1972

*Robert H. Boynton,* of New Haven, for the appellant (defendant).

*Frank A. Maco,* assistant prosecuting attorney, for the appellee (state).

DEARINGTON, J. The information charged the defendant with having violated § 14-215 of the General Statutes. After a trial to the court, the defendant was found guilty. Thereupon, he was charged with part two of the information, which alleged a former conviction for the same offense. He was found guilty of being a second offender under part two of the information. He has appealed, assigning error in (1) the denial of his motion to correct the finding,

(2) the court's conclusions, (3) a ruling on evidence, and (4) the conclusion on all the evidence that he was guilty beyond a reasonable doubt.

We turn first to the assignment of error directed to the finding. The defendant in his fourth assignment claims that upon all the evidence the court could not have found him guilty beyond a reasonable doubt. Such an assignment makes unnecessary a detailed consideration of the claims of error directed against the finding, since we examine the entire evidence in determining whether the court erred in its conclusion of guilt beyond a reasonable doubt. *State* v. *Salvaggio,* 152 Conn. 716, 717; *State* v. *Pundy,* 147 Conn. 7, 8; *State* v. *Foord,* 142 Conn. 285, 286. We have given consideration to the finding, however, for the purpose of showing specific facts found by the court upon conflicting evidence. *State* v. *Foord,* supra, 287.

The evidence, including that shown by the finding to have been accepted by the court, supplemented by inferences it could reasonably have drawn, may be summarized as follows: It was stipulated that the right of the defendant to operate a motor vehicle on the highways of the state had been suspended and remained in suspension on January 5, 1971. On that day, about noon, the defendant was observed by two officers of the Bridgeport police department sitting in the driver's seat of a black 1959 Cadillac car parked on Broad Street in Bridgeport. The motor of the car was running and smoke emanated from the exhaust system. There was snow and ice on the highway. The officers observed the car rocking. "The car was going back and forth." The officers were aware of the defendant's driving record and he was placed under arrest. The car had a faulty transmission, but the oil pressure of the hydraulic system was capable of being increased to rotate the

coupling to a point where it would engage the transmission and make the car operable.

The defendant contends that there was no evidence that the car was moving or that it was capable of moving under its own power at the time and place in question. Whether the car was capable of being operated was the ultimate and precise question upon which the trier had to pass. The state apparently considered that the answer to this question was to a large extent so technical that the opinion of an expert was required. See *St. George Pulp & Paper Co.* v. *Southern New England Telephone Co.*, 91 Conn. 563, 570. To qualify as credible testimony, the opinion of an expert must be "one which the rational mind would reasonably reach upon the established facts." *Madore* v. *New Departure Mfg. Co.*, 104 Conn. 709, 714; see *Stephanofsky* v. *Hill*, 136 Conn. 379, 384. Cyril Kollar, who qualified as an expert witness, having been employed by a Cadillac agency for ten years, during which time he had worked on transmission systems, was called as a witness by the state. During his testimony, much of which consisted in answering hypothetical questions, he was asked the following question: "If I tell you, Mr. Kollar, going back to my original hypothetical that this car was observed parked at the curb here on Broad Street, before the hypothetical was mentioned, and I tell you that the engine was seen with fumes billowing from the exhaust with a person sitting in the driver's seat, with the ignition switch on, in your opinion would that car be capable of operating and by that I mean, traveling on the highway, rolling out and moving out from the curb?" A. "Yes." There was evidence that after the arrest the car was pushed, although not in the presence of the officers, from its parked position and shortly thereafter ran under its own power. Kollar further testified that there was no alternative but that

the transmission would function when the coupling engaged the pump which would increase the oil pressure, irrespective of whether the car was being pushed or whether it was being run.

In *State* v. *Swift,* 125 Conn. 399, 401 (operating under the influence of intoxicating liquor) there was evidence that when the police arrived at the scene of an accident they found the defendant sitting behind the wheel attempting to start the engine, while the only other occupant of the car at the time of the accident was attempting to push it. In its charge, the court said (p. 403) : "A person operates a motor vehicle within the meaning of this statute, when in the vehicle he intentionally does any act or makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motive power of the vehicle." This portion of the charge was approved by our Supreme Court. Of course, the vehicle must be susceptible of being moved. See ibid.; *State* v. *Switchenko,* 3 Conn. Cir. Ct. 511, 514, and cases cited; *State* v. *Peirson,* 2 Conn. Cir. Ct. 660, 661; *State* v. *Jones,* 2 Conn. Cir. Ct. 605, 607. The essential elements necessary to prove "operation" are the same whether one is charged with operating under suspension or under the influence of intoxicating liquor. *State* v. *Peirson,* supra. The fact that the car was observed with the motor in operation and moving back and forth would allow a reasonable inference that the transmission was then functioning and the car was at the time in an operable condition.

The defendant assigned error in a ruling on evidence; it has, however, not been briefed and we treat it as having been abandoned. Maltbie, Conn. App. Proc. § 167.

Upon all the evidence, including the inferences which the court was warranted in making, it was

justified in concluding that the defendant was guilty of the offense charged beyond a reasonable doubt.

There is no error.

In this opinion JACOBS and KINMONTH, Js., concurred.