**STATE**

v.

**Robert APONTE.**

No. 93–670–C.A.

Supreme Court of Rhode Island.

Oct. 31, 1994.

Jeffrey Pine, Atty. Gen., Aaron Weisman, Asst. Atty. Gen., for plaintiff.

Richard Casparian, Public Defender, Janice Weisfeld, Paula Rosin, Asst. Public Defenders, for defendant.

## OPINION

PER CURIAM.

This case comes before us pursuant to an order that directed the defendant to appear and show cause why the issues raised in his appeal should not be summarily decided. After hearing oral argument and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues should be summarily decided.

The defendant, Robert Aponte, appeals from a judgment of conviction of assault with intent to rob and of possession of a weapon not a firearm entered in the Superior Court after a trial by jury. We affirm the judgment of conviction. The facts insofar as pertinent to this appeal are as follows.

On the morning of March 17, 1992, Paul Oladapo (Oladapo) was working alone at the Piso Market on Admiral Street in Providence, a store owned by his wife. At approximately 10 a.m., a man, later identified as defendant, entered the store. Testimony at trial disclosed that defendant approached Oladapo and asked where he could find candy. The defendant was shaking, and Oladapo did not trust this customer. When defendant bought fifteen cents worth of candy, Oladapo did not open the cash register to deposit the fifteen pennies defendant gave him to pay for the purchase. The defendant then asked for a pair of sunglasses hanging behind Oladapo. Before taking down the glasses, Oladapo asked defendant if he had the money to pay for them. The defendant then proceeded to bend down and reach into his sock. When he stood up, however, he was brandishing a large knife and he demanded that Oladapo turn over all his money. A struggle ensued, and defendant stabbed Oladapo in the face and chest. Oladapo fell to the floor, bleeding, as defendant attempted to break into the cash register. Crawling on the floor, Oladapo was able to grab a baseball bat that he kept near the cash register for protection. The defendant then fled from the store, and Oladapo, despite his wounds, got up and ran out of the store in pursuit.

A police officer from the Providence police department who happened to be driving along Admiral Street in his patrol car saw Oladapo, who was still bleeding, running down the street. The officer stopped, and Oladapo told him what had just occurred. The officer apprehended defendant shortly thereafter.

The officer returned to the store with defendant, whereupon Oladapo positively identified him as his assailant. A small jackknife was found in defendant's possession, which knife the officer believed to have been the

weapon used in the assault. Oladapo, however, informed the officer that the knife used in the assault was much larger. Thereupon, the officer returned to the site where defendant was apprehended, the rear of a housing complex, and found on the ground a steak knife with an eight-inch blade that was bent and covered with blood. Oladapo identified this knife as the one with which he had been stabbed by defendant.

The defendant's version of the events leading to the stabbing varied considerably from that to which Oladapo testified. The night before the incident defendant had been out all night at a friend's house, drinking and using drugs. He estimated he had drunk more than fifteen beers in addition to taking heroin, cocaine, methadone, and valium. When he arrived home the next morning, drunk and high, he found his girlfriend upset and crying. She told defendant that she had just been to the market and that the proprietor there had touched her and remarked that if she was "nice" to him, she would not have to pay for her purchase. The defendant then picked up a knife, which he concealed beneath his clothing, and went to the Piso Market to confront the storekeeper, having no intent to rob him. When he arrived at the market, some words were exchanged between defendant and Oladapo. Oladapo made a motion as if to reach for something, and defendant pulled out the knife and stabbed him. According to defendant, he never asked for candy or sunglasses and never demanded money.

The defendant raises a number of issues on this appeal. We shall consider them in order.

I

■ The defendant first claims that the trial justice erred by denying his Rule 9.1 motion to dismiss count 2 of the information—possession of a weapon not a firearm (the eight-inch steak knife), for lack of probable cause. Super.R.Crim.P. 9.1. Because the knife was found "on the ground, outside in a public place, where it could have been dropped by anyone," defendant claims that the information and the appended exhibits do not demonstrate probable cause to show that he had possessed the knife.

■ In assessing a motion to dismiss an information, the trial justice must "examine the information and the attached exhibits to determine 'whether there exists probable cause to believe that the offense charged ha[d] been committed and that [the] defendant had committed it.'" *State v. Jenison,* 442 A.2d 866, 875 (R.I.1982) (quoting G.L. 1956 (1969 Reenactment) § 12–12–1.9, as enacted by P.L.1974, ch. 118, § 11). The probable-cause standard applied to a motion to dismiss is the same as that for an arrest. *Id.* at 875 (citing *Gerstein v. Pugh,* 420 U.S. 103, 120, 95 S.Ct. 854, 866, 43 L.Ed.2d 54, 69 (1975)). Probable cause to arrest "consist[s] of those facts and circumstances within the police officer's knowledge at the moment of arrest and of which he had reasonably trustworthy information that would warrant a reasonably prudent person's believing that a crime has been committed and that the prospective arrestee had committed it." *State v. Usenia,* 599 A.2d 1026, 1029 (R.I.1991) (quoting *State v. Travis,* 568 A.2d 316, 320 (R.I. 1990)). In deciding a motion to dismiss, the trial justice's findings are "entitled to great weight and will not be set aside unless they are clearly erroneous or fail to do justice between the parties." *State v. Ouimette,* 415 A.2d 1052, 1053 (R.I.1980) (quoting *Wolf v. Wolf,* 114 R.I. 375, 376, 333 A.2d 138, 139 (1975)).

In the instant case the victim described both defendant and the knife used in the assault. The bent and bloody knife was recovered at the location where defendant was apprehended. When defendant was brought back to the store after having been apprehended by the police, he was positively identified by the victim as his assailant. The knife recovered by the police was positively identified by the victim as the knife used to assault him. The evidence clearly established probable cause to charge defendant with possession of the knife, and the trial justice properly denied defendant's motion to dismiss the second count of the information.

## II

The defendant next claims that the trial justice erred by refusing to give the jury a cautionary instruction immediately after the prosecutor used the term "suspicion" on a number of occasions in her opening statement. The defendant claims the trial justice should have immediately instructed the jury that it could not convict him on mere suspicion that he had committed the crimes charged in the information. The prosecutor's use of the word "suspicion," however, referred to Oladapo's state of mind when defendant entered the store and not to the prosecution's burden of proof to secure a conviction. Oladapo was "suspicious" of defendant, or defendant aroused Oladapo's "suspicions." Moreover, the trial justice, in her charge to the jury, instructed that a defendant can never be convicted on mere suspicion or probability and that all elements of the crimes charged must be proved beyond a reasonable doubt. We thus conclude there was no error in the trial court's refusal to give an immediate cautionary instruction.

## III

The defendant's third claim is that the trial justice erred by (1) permitting Oladapo, over objection, to show the jury the scars he received as a result of the assault and (2) admitting, over objection, medical records of a follow-up visit to the hospital by Oladapo to have his sutures removed. The defendant claims that this evidence was cumulative and that its probative value was substantially outweighed by the danger of unfair prejudice and thus should have been excluded pursuant to Rule 403 of the Rhode Island Rules of Evidence.

Generally, all relevant evidence is admissible unless specifically excluded by the Federal or Rhode Island Constitutions, a federal or state law, a rule of evidence, or a court rule. R.I.R.Evid. 402. The determination of whether evidence is relevant is within the sound discretion of the trial justice, whose relevancy finding will not be overturned except for an abuse of discretion. *State v. Mora*, 618 A.2d 1275, 1279–80 (R.I. 1993). Although relevant, evidence prejudi-cial to a defendant to the extent that its negative effect outweighs its probative value may be excluded under Rule 403. *State v. Grundy*, 582 A.2d 1166, 1172 (R.I.1990). The ultimate determination of the effect of evidence lies in the discretion of the trial justice. *Id.*

Here, the trial justice determined that the records of Oladapo's follow-up visit to the hospital were probative of the type of the victim's wound, the nature of that wound, and the manner of the attack. After hearing defendant's argument for exclusion of the hospital records, the trial justice determined that the probative value of the records was not substantially outweighed by any prejudicial effect that such records may have had. The same can be said regarding the scars remaining on Oladapo's body. The scars are relevant in that they tend to prove an important element of the state's case, namely, that defendant stabbed Oladapo. *See State v. Fenner*, 503 A.2d 518, 526 (R.I.1986). The trial justice, who viewed the scars, determined that the probative value of their display to the jury was not substantially outweighed by the risk of unfair prejudice. We find no abuse of discretion in the trial justice's admitting the medical records or in her allowing the victim to display his scars to the jury.

## IV

The defendant's fourth claim is that the trial justice erred in denying his motion in limine to exclude evidence of defendant's April 1992 conviction for receiving stolen goods having a value of under $500. Evidence of a prior conviction may be admitted for the limited purpose of attacking the credibility of a witness. R.I.R.Evid. 609. If the trial justice determines that the prejudicial effect of allowing the prior conviction substantially outweighs its probative value, then evidence of the prior conviction is not admissible. Rule 609(b). Admission of prior convictions to impeach credibility is within the discretion of the trial justice, whose decision will not be set aside absent an abuse of discretion. *See State v. Camirand*, 572 A.2d 290, 295 (R.I.1990).

Here, the trial justice noted that the prior conviction was recent (eleven months prior to the trial) and that, given a proper cautionary instruction, the jury would use such evidence for the limited purpose of assessing defendant's credibility. The court, in fact, gave two such cautionary instructions, the first immediately after defendant, on direct examination, admitted his prior conviction, and the second in the court's charge to the jury. We thus find no abuse of discretion by the trial justice in allowing evidence of defendant's prior conviction.

## V

■ The defendant's final claim is that the trial justice erred in denying his motion for a new trial on the charge of assault with intent to rob. The defendant claims (1) that he was too drunk and high on alcohol and drugs to have formed the specific intent necessary to rob and (2) that Oladapo was not credible in his testimony regarding the alleged encounter in the market with defendant's girlfriend.

■ When considering a motion for a new trial, the trial justice must determine whether the evidence presented at trial was sufficient to support the jury's verdict of guilt beyond a reasonable doubt. *State v. Caruolo*, 524 A.2d 575, 585 (R.I.1987). In making this determination, the trial justice considers all material evidence in light of the charge given to the jury and must then independently appraise the weight of the evidence and the credibility of witnesses. *State v. Vanasse*, 593 A.2d 58, 67 (R.I.1991). If the trial justice, in his or her independent judgment, determines that the evidence elicited at trial is sufficient to prove a defendant's guilt beyond a reasonable doubt, then the motion for a new trial must be denied. *Id.* If the evidence is such that reasonable minds could fairly reach different conclusions, the motion for a new trial must still be denied. *Id.* The denial of a motion for a new trial will not be set aside by this court unless the trial justice overlooked or misconceived ma-

terial evidence or was otherwise clearly wrong. *Caruolo*, 524 A.2d at 585.

In the instant case, in response to defendant's contention that he was too drunk and high to have formed the specific intent to rob, the trial justice noted that defendant, according to his own testimony, was lucid enough (1) to recall with specificity his conversation with his girlfriend the morning of the incident, (2) to become angry at what the storekeeper allegedly had said to his girlfriend, (3) to arm himself with a knife, thus evincing an understanding that he might need to protect himself or that he wanted to avenge his girlfriend's honor, (4) to walk to the store, and (5) to recall the question he allegedly asked the storekeeper. As the trial justice found, these are not the acts of a person whose will is so paralyzed by intoxication as to be unable to form the specific intent to rob.

In regard to Oladapo's credibility in his testimony regarding the alleged encounter with the defendant's girlfriend, the jury found, and the trial justice agreed, that Oladapo was a very credible and believable witness whereas it was the defendant who was not credible. After independently weighing the evidence and the credibility of the witnesses, the trial justice determined that the evidence was sufficient to support a guilty verdict beyond a reasonable doubt. We are of the opinion that the trial justice did not overlook or misconceive material evidence and was not otherwise clearly wrong. Thus we find no error in her denial of the defendant's motion for a new trial.

For these reasons the defendant's appeal is denied and dismissed, and the judgment of conviction is affirmed.