**STATE**

v.

**Glen A. REED.**

**No. 99–418–C.A.**

Supreme Court of Rhode Island.

Jan. 9, 2001.

Aaron L. Weisman, Providence, for Plaintiff.

Paula Lynch Hardiman, Paula Rosin, Providence, for Defendant.

Present WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The existence of probable cause to support a criminal information is the crux of this appeal. The state seeks to reverse a Superior Court decision granting defendant's motion to dismiss a criminal information charging the defendant, Glen A. Reed, with possession of cocaine with intent to deliver. The motion justice ruled that the charge of possessing a controlled substance should stand, but he found no probable cause to support the separate intent-to-deliver accusation. Following a prebriefing conference, a single justice of this Court ordered the defendant to show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions, we conclude that the state's appeal can be decided at this time without further briefing and argument.

According to police reports attached to the information, on September 19, 1998, an arrest warrant had issued for defendant on various alleged banking law vio-

lations. Because the police knew that defendant had eluded law enforcement authorities in the past, they began watching his apartment. Detective Ronald Gwaltney reported that during his surveillance of defendant's apartment, he observed visitors arriving, staying for a few minutes, and then leaving. One of the individuals he observed visiting the apartment was an informant who previously had provided useful information to the police. The informant told an officer that a large quantity of crack cocaine was being offered for sale in the apartment. A second informant confirmed that cocaine was being sold from this apartment. Police obtained another warrant to search defendant's apartment. Upon doing so, they seized a small plastic bag containing thirty-seven individually wrapped packages of cocaine, what they believed to be a bag of marijuana, and metal screens that appeared to be used for smoking cocaine. The attorney general then issued a criminal information charging defendant with possession of cocaine with intent to deliver.

Pursuant to Rule 9.1 of the Superior Court Rules of Criminal Procedure,[1] defendant filed a motion to dismiss the information based upon an alleged lack of probable cause, arguing that insufficient evidence existed to charge him with intent to deliver cocaine. Aside from the cocaine itself, which was contained in thirty-seven individually wrapped packages within a small plastic bag, defendant argued that the police possessed no evidence that indicated he intended to sell the cocaine. He contended that the police had found none of the accouterments that a seller of cocaine typically would possess. Thus, he argued, the police discovered no scales, no packaging material, no cutting tools, and no large amount of money in

---

1. Rule 9.1 of the Superior Court Rules of Criminal Procedure provides, in part:
   "A defendant who has been charged by information may, within ten (10) days after he or she has been served with a copy of the information, move to dismiss on the ground that the information and exhibits appended thereto do not demonstrate the existence of probable cause to believe that the offense charged has been committed or that the defendant committed it."

the apartment. The state responded that the individual packaging of the cocaine itself constituted some evidence that defendant intended to offer the drugs for sale. The state also pointed to the circumstances that had led the police to search defendant's apartment in the first place, including the information supplied by the confidential informants that defendant was selling drugs from the apartment. Nonetheless, the trial justice concluded that insufficient evidence existed to support a charge of possession with intent to deliver, though he determined that the charge of illegal possession of a controlled substance should stand.

■ ■ In deciding a motion to dismiss an information, "the trial justice must 'examine the information and the attached exhibits to determine "whether there [is] probable cause to believe that the offense charged [was] committed and that [the accused] had committed it." ' " *State v. Aponte*, 649 A.2d 219, 222 (R.I.1994) (quoting *State v. Jenison*, 442 A.2d 866, 875 (R.I.1982)). The probable-cause standard applied to a motion to dismiss is the same as the one that is applied to determine the propriety of an arrest. *Id.* This Court has stated that probable cause to arrest exists when the facts and circumstances within the police officer's knowledge at the time of arrest and of which he or she has reasonably trustworthy information are sufficient to lead a reasonable person to conclude that a crime has been committed and that the person to be arrested committed it. *Jenison*, 442 A.2d at 873–74. When reviewing a decision on a motion to dismiss, this Court accords great weight to a trial justice's probable-cause findings; we will not set them aside "unless they are clearly erroneous or fail to do justice between the parties." *Aponte*, 649 A.2d at 222 (quoting *State v. Ouimette*, 415 A.2d 1052, 1053 (R.I.1980)).

■ ■ The evidence seized in this case consisted of one plastic bag containing thirty-seven individually wrapped packages of cocaine. The defendant argues

that packages of cocaine can be purchased in individually wrapped packages. Thus, he suggests, an inference that he purchased the cocaine in this condition for his own use was just as likely as an inference that he packaged it himself with the intent to deliver it to others. On appeal, the state contends that the trial justice erred in relying on *State v. Eiseman*, 461 A.2d 369 (R.I.1983) in granting the motion to dismiss. In that case, defendant was arrested after he picked up a Federal Express package containing cocaine. *Id.* at 371–72. He was charged and convicted of possession with intent to deliver and, on appeal, challenged the sufficiency of the evidence to establish his intent to deliver. *Id.* at 372. The trial justice in *Eiseman* ruled that an intent to deliver could be inferred from the nature of the transaction between defendant and the person who sent him the cocaine, the manner in which the package was shipped and picked up, and the amount of cocaine contained in the package, 34.5 grams, which had a street value of $4,140. *Id.* at 381–83. This Court, however, ruled that this evidence was insufficient to show an intent to sell. *Id.* at 383. First, the Court noted that, given that the mere possession of cocaine was also a crime, the secretive nature of the transaction did not show that defendant intended to sell the cocaine. *Id.* Next, the Court concluded that the amount of cocaine was "equivocal" on the issue of whether defendant intended to sell it and that, by itself, the amount of cocaine in defendant's possession did not support an inference that he intended to sell it. *Id.*

In deciding *Eiseman*, this Court distinguished an earlier case, *State v. Reis*, 430 A.2d 749 (R.I.1981), which had upheld the denial of a motion for judgment of acquittal on a charge of possession with intent to deliver a controlled substance. *Eiseman*, 461 A.2d at 382. The *Eiseman* Court noted two factors in *Reis* that were not present in the case before it. First, in *Reis*, police officers found nine plastic bags, each holding 100 tablets containing

phencyclidine. *Reis*, 430 A.2d at 752. The Court distinguished *Eiseman* on the grounds that there was no evidence of any packaging in *Eiseman* that was suggestive of an intent to deliver. *Eiseman*, 461 A.2d at 382. Second, in *Reis*, police had observed suspicious interactions between defendant and other individuals while they were watching his house. *Reis*, 430 A.2d at 751–52. The only interaction observed in *Eiseman* was that a companion had accompanied defendant to the Federal Express office to pick up the package. *Eiseman*, 461 A.2d at 382.

We are of the opinion that this case is more analogous to *Reis* than to *Eiseman*. Here, police conducted surveillance of defendant and observed individuals arriving at defendant's apartment, staying for a few moments, and then leaving. In addition, police were aware that neighbors had complained about visitors coming and going from the apartment at all hours. Finally, two confidential informants told police that defendant was selling crack cocaine at his apartment.

The trial justice concluded that the absence of evidence to support an inference of intent to sell, such as packaging materials, required that he grant the motion to dismiss. But the trial justice apparently overlooked the evidence in the information package. In determining whether probable cause exists on a motion under Rule 9.1 for lack of probable cause, the trial justice examines "the information and exhibits appended to it." G.L.1956 § 12–12–1.9. "A finding of the existence of probable cause may be based in whole or in part upon hearsay evidence or on evidence which may ultimately be ruled to be inadmissible at the trial." *Id.* In this case, we are of the opinion that the trial justice failed to consider the evidence in the information package that supported the inference of the defendant's intent to sell cocaine. This included the evidence obtained from the surveillance and from the informants. We conclude that this evidence, combined with the amount of individually wrapped cocaine packets seized from the defendant's apartment, was sufficient to cause a reasonable person to believe that the defendant had committed the crime with which he was charged: namely, possession of a controlled substance with intent to deliver.

For these reasons, we sustain the state's appeal, vacate the court's dismissal of this portion of the information, and remand this case for further proceedings consistent with this decision.