**STATE**

v.

**Linda STROM.**

**No. 2007–24–C.A.**

Supreme Court of Rhode Island.

Jan. 7, 2008.

Aaron L. Weisman, Esq., Providence, for Plaintiff.

Marie T. Roebuck, Esq., Providence, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

Justice GOLDBERG, for the Court.

This case came before the Supreme Court on November 5, 2007, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Accordingly, we shall decide the appeal without further briefing or argument. After considering the oral arguments and briefs presented by the parties, we are of the opinion that the Family Court justice exceeded his authority when he dismissed this case and clearly was wrong. For the reasons set forth in this opinion, we vacate the Family Court judgment of dismissal.[1]

### Facts and Travel

The State of Rhode Island (state) appeals from a Family Court order[2] dismissing a criminal information that was filed against defendant Linda Strom (defendant) charging her with cruelty to or neglect of a child in violation of G.L.1956 § 11-9-5.[3] The allegations in that felony case arose from defendant's alleged abuse

---

1. This Court today has issued its decision in the case of *State v. Young*, 941 A.2d 124 (R.I.2008), in which it determined that the trial justice improperly dismissed a criminal information against the defendant in that case. As in this case, the trial justice in *Young* did not have before him a proper motion to dismiss nor did he make any reference to the issue of probable cause to support the charge.

2. This case was docketed as P06–104CR. A criminal disposition sheet dismissing the case with prejudice was entered on October 16, 2006; there is no judgment in the Family Court file.

3. General Laws 1956 § 11-9-5, "**Cruelty to or neglect of child**," provides in pertinent part:
   "(a) Every person having the custody or control of any child under the age of eighteen (18) years who shall abandon that child, or who shall treat the child with gross or habitual cruelty, or who shall wrongfully cause or permit that child to be an habitual sufferer for want of food, clothing, proper care, or oversight, or who shall use or permit the use of that child for any wanton, cruel, or improper purpose, or who shall compel, cause, or permit that child to do any wanton or wrongful act, or who shall cause or permit the home of that child to be the resort of lewd, drunken, wanton, or dissolute persons, or who by reason of neglect, cruelty, drunkenness, or depravity, shall render the home of that child a place in which it is unfit for that child to live, or who shall neglect or refuse to pay the reasonable charges for the support of that child, whenever the child shall be placed by him or her in the custody of, or be assigned by any court to, any individual, association, or corporation, shall be guilty of a felony and shall for every such offense be imprisoned for not less than one year nor more than three (3) years, or be

of her then five-year-old grandson, Michael Strom, Jr. (Michael), at her home on School Street in North Smithfield.[4] This abuse was discovered on December 21, 2005, when Michael informed his preschool teacher that he had suffered a series of "boo boos" from duct tape that defendant used to affix him to his bed at night. Michael told his teacher that he had been tied to the bed with duct tape in the past, but that this was the first time he was injured. The teacher contacted the Rhode Island Department of Children, Youth and Families (DCYF), which determined that Michael repeatedly had been tied to his bed by his grandmother.[5] Additionally, from an interview with Michael's sister, Elizabeth, DCYF discovered that Michael was locked in his room on weekends and had been beaten by both defendant and his own father.

On the day the abuse was disclosed to Michael's teacher, a DCYF worker contacted the North Smithfield police; defendant was arrested and charged with cruelty to or neglect of a child. The defendant admitted to the police that she did, in fact, strap Michael to his bed with a harness and duct tape, but she said that she did so to prevent him from injuring himself. Ac-

cording to defendant, Michael leaves his bed and "climbs on top of bureaus, he drinks dishwater, [and] he has smeared feces on the walls * * *."

A criminal information was filed in Family Court on July 24, 2006, and a pretrial conference was scheduled in the Family Court on October 16, 2006. Although there was before the court neither a motion to dismiss nor an explicit request from defense counsel for dismissal, the defense argued that (1) duct-taping and harnessing a child to a bed is not a crime; (2) defendant did not have custody of Michael; and (3) the record was devoid of any evidence that the child was a "habitual sufferer."

The defendant alleged that Michael has ADHD and arranged a telephone conference with Diana Strom, Michael's caretaker, who informed the trial justice that the child was very difficult to care for. The defendant argued that her conduct merely amounted to "excessive parenting." Based on this argument, the trial justice dismissed the case, stating that "[a]lthough I don't think you should use duct tape or use bungee cords, the case is dismissed."

The state, under G.L.1956 § 9–24–32,[6] filed a timely appeal and argues to this

---

fined not exceeding one thousand dollars ($1,000), or both, and the child may be proceeded against as a neglected child under the provisions of chapter 1 of title 14."

4. Also living with defendant were her son Michael Strom and two other grandchildren—Elizabeth Strom (six years old) and Stephen Strom (four years old). Michael does not have contact with his biological mother.

5. On December 21, 2005, Michael reported to his preschool teacher that his grandmother was duct-taping him to his bed at night. The DCYF initiated an investigation culminating in a report mentioning these findings on December 29, 2005.

6. General Laws 1956 § 9–24–32 provides:

"In any criminal proceeding, the attorney general shall have the right to object to any finding, ruling, decision, order, or judgment of the superior court or family court, and the attorney general may appeal the findings, rulings, decisions, orders, or judgments to the supreme court at any time before the defendant has been placed in jeopardy; the defendant in any criminal proceeding may also appeal any findings, rulings, decision, order, or judgment of the superior or family court; and the attorney general may appeal thereafter, if, after trial, the defendant appeals. If the attorney general appeals the findings, rulings, decisions, orders, or judgments of the superior or family court before the defendant is placed in jeopardy and the defendant prevails in the supreme court, the attorney for the defendant shall be entitled to a reasonable

Court that the trial justice failed to follow the procedural rules governing the Family Court's felony jurisprudence. The state further contends that defendant's post-dismissal reliance on Rule 9.1 of the Superior Court Rules of Criminal Procedure[7] is misplaced because defendant never filed a motion to dismiss in accordance with Rule 9.1 and the record is devoid of any suggestion that the trial justice based his decision upon that provision. The state also argues that the information package provides sufficient evidence that defendant committed the charged offense, such that a dismissal under Rule 9.1 was improper.

Additionally, the state contends that although an important function of the Family Court is to promote "friendly family relations," G.L.1956 § 8–10–5, the Family Court is not vested with the authority to *sua sponte* dismiss a felony charge or ignore the dictates of its own rules. In accordance with Rule 37 of the Family Court Rules of Juvenile Proceedings, adult felony crimes that are prosecuted in Family Court are governed by the Superior Court Rules of Criminal Procedure.[8]

On appeal, defendant argues that the trial justice had the authority to hear and dismiss the case on two grounds: first, in accordance with Rule 9.1, and second, under the broad authority granted to the trial justice by the Family Court Act, specifically, §§ 8–10–4 and 8–10–5.

The defendant further emphasizes that the Family Court's "unique character and purpose" is "to protect and assist the well-being and integrity of the family unit and to seek reconciliation if at all possible." On that basis, defendant contends that a dismissal of a felony criminal information to preserve the family unit is appropriate.

### Issue Presented

In this case we are called upon to decide whether the Family Court may dismiss *sua sponte* a criminal information at the pretrial conference in the absence of a motion to dismiss and without affording the state an adequate opportunity to be heard. We are of the opinion that a trial justice has no authority to dismiss the felony information under these circumstances and that the Family Court must adhere to its own rules of procedure.

### Analysis

Before we address the substantive arguments in this case, we note that because defendant failed to file a motion to dismiss in the Family Court, the state appeared at the pretrial conference with-

---

attorney's fee and costs, payable by the state, to be set by the supreme court, incurred in representing the defendant in the prosecution of the attorney general's appeal before the supreme court."

7. Rule 9.1 of the Superior Court Rules of Criminal Procedure provides:
   "A defendant who has been charged by information may, within thirty (30) days after he or she has been served with a copy of the information, or at such later time as the court may permit, move to dismiss on the ground that the information and exhibits appended thereto do not demonstrate the existence of probable cause to believe that the offense charged has been committed or that the defendant committed it. The

motion shall be scheduled to be heard within a reasonable time."

8. According to Rule 37 of the Family Court Rules of Juvenile Proceedings, the Family Court applies the Superior Court Rules of Criminal Procedure for adult criminal cases. Rule 37 provides:
   "In the conduct of criminal cases involving adults charged with crimes within the jurisdiction of the family court, the procedure shall follow that set forth in the Rules of Criminal Procedure for the Superior Court of Rhode Island to the extent that the same are appropriate for use in this court."
   Unfortunately, the Family Court trial justice failed to comply with this rule.

out notice that it faced a potential dismissal of a felony information. Although defendant argues on appeal that the case was dismissed based on Rule 9.1, there is no suggestion on the record before us that the trial justice even was aware of Rule 9.1 or the need to make the findings that are required in order to grant a dismissal based on it. Accordingly, we deem that issue waived based on our well settled raise-or-waive rule.

■ "This Court will not consider an issue raised on appeal that was not presented to the trial court," unless it involves a violation of an accused's " 'basic constitutional rights.' " *State v. Russell*, 890 A.2d 453, 462 (R.I.2006). To qualify for an exception to the raise-or-waive rule, the alleged error must be more than harmless, and the exception must implicate an issue of constitutional dimension derived from a novel rule of law that could not reasonably have been known to counsel at the time of trial. *State v. Gomes*, 690 A.2d 310, 319 (R.I.1997). None of these circumstances is present in this case. The defendant failed to file a motion to dismiss in accordance with Rule 9.1 and has not identified any of the narrow exceptions to the raise-or-waive rule as applying to her claim; thus, she waived her right to dismissal of this case based on a purported lack of probable cause. Moreover, the time for filing a motion to dismiss long since has passed.

■ Whether in the Family Court or Superior Court, when addressing a motion to dismiss a criminal information, a trial justice is required to examine the information and any attached exhibits to determine whether the state has satisfied its burden to establish probable cause to believe that the offense charged was committed and that the defendant committed it. *State v. Aponte*, 649 A.2d 219, 222 (R.I. 1994); *see* G.L.1956 §§ 12–12–1.7 and 12–12–1.8 (establishing the procedure by which and the grounds on which a defendant may move to dismiss a criminal information); *see also* Rule 9.1 (duplicating the provisions of § 12–12–1.7, but enlarging the time frame for filing the motion to dismiss from ten to thirty days). In performing this function, the trial justice should grant the state the " 'benefit of every reasonable inference' " in favor of a finding of probable cause. *State v. Jenison*, 442 A.2d 866, 875–76 (R.I.1982).

■ It is the function of this Court on appeal to examine the record to determine "whether the justice's findings are supported by the evidence or whether, in making those findings, the justice misconceived or overlooked material evidence." *State v. Fritz*, 801 A.2d 679, 683 (R.I.2002) (citing *State v. Ouimette*, 415 A.2d 1052, 1053 (R.I.1980)). We accord great weight to the trial justice's findings and will not set them aside "unless they are clearly erroneous or fail to do justice between the parties." *Ouimette*, 415 A.2d at 1053 (quoting *Wolf v. Wolf*, 114 R.I. 375, 376, 333 A.2d 138, 139 (1975)).

■ Adhering to these principles, our review of the record reveals that the requirements of Rule 9.1—with respect to both filing a motion to dismiss and examining the information and exhibits to determine probable cause—were disregarded. The fact that defendant neglected to file a timely motion to dismiss effectively deprives the trial justice of any authority to dismiss the criminal information. The defendant's failure to comply with the procedural requirements for filing a motion under Rule 9.1 results in a waiver of that right. A dismissal for any reason other than the insufficiency of the information simply was not permissible.

Finally, we reiterate that in felony prosecutions there are two parties: the defendant and the State of Rhode Island, and

both sides are entitled to a fair trial. This Court will not interpret legislative language "to infringe upon the constitutional powers of the Attorney General." *State v. Day,* 911 A.2d 1042, 1053 (R.I.2006). By prohibiting the Attorney General from fully prosecuting a felony information, because of a *sua sponte* dismissal in violation of Rule 9.1, the trial justice clearly erred and deprived the state of a fair proceeding. *See State v. Rollins,* 116 R.I. 528, 533, 359 A.2d 315, 318 (1976) ("It is well settled in this state that the Attorney General is the only state official vested with prosecutorial discretion."); *see also* R.I. Const. art. 9, sec. 12.

This is not the first occasion in which this Court has been called upon to address the Family Court's failure to comply with its own rules. *See Fritz,* 801 A.2d at 687–89 (vacating the dismissal of a criminal information and remanding the case to the Family Court for a hearing to determine whether probable cause existed to support the allegations). As a matter of law, a proper dismissal of this information would bar any future proceedings against defendant for this offense. Section 12–12–1.10. For the Family Court to undertake a final dismissal, without notice that affords the state an opportunity to be heard, and in the absence of proper findings, is clear error. The Legislature has seen fit to vest the Family Court with exclusive jurisdiction of a limited class of felony crimes. In exercising that jurisdiction, the Family Court is obliged to comply with the state's substantive and procedural law. *See Fritz,* 801 A.2d at 689 (Goldberg, J., dissenting) ("It goes without saying that the courts of this state that are vested with felony criminal jurisdiction have concomitant constitutional responsibilities * * *."). Here, the trial justice summarily dismissed the information and failed to make any findings or set forth his reasons for doing so. We deem this reversible error.

## Conclusion

For the reasons stated in this opinion, we vacate the judgment and remand this case to the Family Court for trial.