STATE

v.

**Marshane YOUNG.**

**No. 2007–23–C.A.**

Supreme Court of Rhode Island.

Jan. 7, 2008.

Aaron L. Weisman, Esq., Providence, for Plaintiff.

Marie Roebuck, Esq., Providence, for Defendant.

Present: WILLIAMS, C.J., and GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

Justice GOLDBERG, for the Court.

This case came before the Supreme Court on November 7, 2007, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Accordingly, we shall decide the appeal without further briefing or argument. For the reasons set forth in this opinion, we vacate the Family Court judgment dismissing this case.[1]

## Facts and Travel

The State of Rhode Island (state) appeals from a Family Court order dismissing the criminal information that charged Marshane Young (Marshane or defendant) with the second-degree child abuse of her then seventeen-year-old daughter, in violation of G.L.1956 § 11–9–5.3(b)(2), (d), and (e).[2] The state contends that the Family Court trial justice exceeded his authority and clearly was wrong when, at the pretrial conference, upon defendant's oral request, he summarily dismissed this case. We agree.

The facts underlying the criminal information essentially are undisputed. On August 23, 2005, the Providence police were informed by V'Ria Young (V'Ria or complainant), who then was seventeen years old, that she had been physically assaulted by defendant, her mother. V'Ria told the police that they had been arguing about a missing bag of marijuana, and when she denied taking it, defendant began to hit her. V'Ria also said that she left the home and defendant followed her to another house, where defendant grabbed a speaker wire and began to strike her in the face with it.

On August 21, 2006, a criminal information was filed in the Family Court; defendant was arraigned and pled not guilty on September 29, 2006. The case was continued for a pretrial conference with a justice of the Family Court on October 26, 2006. Even though defendant chose not to file a timely motion to dismiss the information and never questioned the sufficiency of the probable cause to support the charge, defense counsel argued at the pretrial con-

---

**1.** This Court today has issued its decision in the case of *State v. Strom*, 941 A.2d 837, 2008 WL 62198 (R.I.2008), in which it determined that the trial justice improperly dismissed a criminal information against the defendant in that case. As in this case, the trial justice in *Strom* did not have before him a proper motion to dismiss nor did he make any reference to the issue of probable cause.

**2.** General Laws 1956 § 11–9–5.3, "**Child abuse—Brendan's Law**," provides in pertinent part:

"(b) Whenever a person having care of a child, as defined by § 40–11–2(2), whether assumed voluntarily or because of a legal obligation, including any instance where a child has been placed by his or her parents, caretaker, or licensed or governmental child placement agency for care or treatment, knowingly or intentionally:

"* * *

"(2) Inflicts upon a child any other *serious* physical injury, shall be guilty of second degree child abuse.

"* * *

"(d) For the purpose of this section, 'other physical injury' is defined as any injury, other than a serious bodily injury, which arises other than from the imposition of nonexcessive corporal punishment.

"(e) Any person who commits first degree child abuse shall be imprisoned for not more than twenty (20) years, nor less than ten (10) years and fined not more than ten thousand dollars ($10,000). Any person who is convicted of second degree child abuse shall be imprisoned for not more than ten (10) years, nor less than five (5) years and fined not more than five thousand dollars ($5,000)."

ference that the case should be dismissed. He based his argument on the fact that V'Ria, who by then had turned nineteen, wanted to be reunited with her mother and that defendant was doing "extremely well." After an investigation by the Department of Children, Youth and Families (DCYF) and after undergoing substance abuse counseling, defendant had been reunited with her other children. In a letter addressed to a Family Court trial justice, V'Ria declared that the incident was her fault and that defendant was free of blame. The state objected to the proposed dismissal and argued that the case could not be dismissed at the pretrial stage. The trial justice disagreed and summarily dismissed the case; he failed to make any findings, conduct a hearing, or afford the state an opportunity to be heard on the issue of probable cause that defendant committed the offense.[3]

The state, under G.L.1956 § 9–24–32,[4] filed an appeal and argues to this Court that the trial justice erred when he failed to follow the procedural rules governing criminal matters in the Family Court. The state further contends that defendant's post-dismissal reliance on Rule 9.1 of the Superior Court Rules of Criminal Procedure[5] is misplaced because defendant never moved to dismiss the information in accordance with Rule 9.1 and the record is devoid of any suggestion that the trial justice based his decision on Rule 9.1 or that he considered the question of probable cause. The state also argues that the information package sets forth a prima facie case that defendant committed the charged offense, such that a dismissal under Rule 9.1 would be improper. Additionally, the state contends that although an important function of the Family Court is to "seek to reconcile the parties and to re-establish friendly family relations," G.L. 1956 § 8–10–5, the Family Court is not vested with the authority to ignore the dictates of its own rules. In accordance with Rule 37 of the Family Court Rules of Juvenile Proceedings, adult felony crimes that are prosecuted in Family Court are governed by the Superior Court Rules of Criminal Procedure.[6]

---

**3.** The trial justice further ordered DCYF to provide defendant with the first month's rent and security deposit so that she could secure housing.

**4.** General Laws 1956 § 9–24–32 provides:

"In any criminal proceeding, the attorney general shall have the right to object to any finding, ruling, decision, order, or judgment of the superior court or family court, and the attorney general may appeal the findings, rulings, decisions, orders, or judgments to the supreme court at any time before the defendant has been placed in jeopardy; the defendant in any criminal proceeding may also appeal any findings, rulings, decision, order, or judgment of the superior or family court; and the attorney general may appeal thereafter, if, after trial, the defendant appeals. If the attorney general appeals the findings, rulings, decisions, orders, or judgments of the superior or family court before the defendant is placed in jeopardy and the defendant prevails in the supreme court, the attorney for the de-

fendant shall be entitled to a reasonable attorney's fee and costs, payable by the state, to be set by the supreme court, incurred in representing the defendant in the prosecution of the attorney general's appeal before the supreme court."

**5.** Rule 9.1 of the Superior Court Rules of Criminal Procedure provides:

"A defendant who has been charged by information may, within thirty (30) days after he or she has been served with a copy of the information, or at such later time as the court may permit, move to dismiss on the ground that the information and exhibits appended thereto do not demonstrate the existence of probable cause to believe that the offense charged has been committed or that the defendant committed it. The motion shall be scheduled to be heard within a reasonable time."

**6.** According to Rule 37 of the Family Court Rules of Juvenile Proceedings, the Family

On appeal, defendant argues that the trial justice was vested with the requisite authority to hear and dismiss the case in two ways: first, in accordance with Rule 9.1, and second, under the broad authority granted to the trial justice by the Family Court Act, specifically, §§ 8–10–4 and 8–10–5. The defendant further contends that the Family Court's "unique character and purpose" is "to protect and assist the well-being and integrity of the family unit and to seek reconciliation if at all possible." Therefore, defendant argues, the trial justice was justified in dismissing the case because he did so to reunify defendant and her daughter and thus preserve the family unit.

## Issue Presented

In this case, we are called upon to decide whether the Family Court may dismiss a criminal information at the pretrial conference, over the objection of the prosecution, and in the absence of a motion to dismiss. For the reasons set forth in this opinion, we hold that the Family Court has no authority to dismiss a criminal information under these circumstances and must comply with its own rules of procedure.

## Analysis

■ Before we address the substantive arguments in this case, we note that because defendant did not file a motion to dismiss in the Family Court, the state appeared for the pretrial conference without notice that it faced a potential dismissal of a felony information. The trial justice summarily dismissed the information notwithstanding the fact that there was no motion to act upon and counsel for defendant merely said, "I'm going to ask that the case be dismissed." Counsel failed to provide any basis for this request, and although defendant, before this Court, points to Rule 9.1 as support for dismissal, a motion to dismiss under that rule was neither filed nor argued in the Family Court. Moreover, there was no hearing scheduled on any motion to dismiss in conformity with Rule 9.1 and G.L.1956 §§ 12–12–1.7 and 12–12–1.8.[7] Indeed, on the record before us, there is no suggestion that the trial justice even was aware of Rule 9.1 or the findings that are required to grant a dismissal.

■ Based on our well settled raise-or-waive rule, we deem this issue waived. "This Court will not consider an issue raised on appeal that was not presented to the trial court," unless it involves an al-

---

Court applies the Superior Court Rules of Criminal Procedure for adult criminal cases. Rule 37 provides:

"In the conduct of criminal cases involving adults charged with crimes within the jurisdiction of the family court, the procedure shall follow that set forth in the Rules of Criminal Procedure for the Superior Court of Rhode Island to the extent that the same are appropriate for use in this court."

Unfortunately, the Family Court trial justice failed to comply with this rule.

7. We note that an apparent dichotomy exists between G.L.1956 § 12–12–1.7, which provides that the defendant has ten days to file a motion to dismiss the information, and Rule 9.1, which provides for thirty days. This dis-

parity was discussed in the Advisory Committee Notes for the 2002 Amendment to Rule 9.1, which explained that "[t]he ten (10) day period specified by Section 12–12–1.7 of the Rhode Island Code provides too little time for defense counsel to prepare the motion. A change in the statutory time provision is intended and it is anticipated that the legislature will amend the statute accordingly." Although the General Assembly has not amended the statute, the court rule trumps the statutory provision when in conflict. *Heal v. Heal*, 762 A.2d 463, 467 (R.I.2000). Of course, the time frame is of no moment to this appeal because a motion to dismiss based on an absence of probable cause was not filed.

leged violation of an accused's " 'basic constitutional rights,' " *State v. Russell*, 890 A.2d 453, 462 (R.I.2006), and unless the alleged error would be more than harmless and the exception implicates an issue of constitutional dimension derived from a novel rule of law that could not reasonably have been known to counsel at the time of trial. *State v. Gomes*, 690 A.2d 310, 319 (R.I.1997); *see also Pollard v. Acer Group*, 870 A.2d 429, 432 n. 10 (R.I.2005). None of these circumstances is present in this case. The defendant failed to file a motion to dismiss in accordance with Rule 9.1 and has not identified any of the narrow exceptions to the raise-or-waive rule as applying to her claim; thus, she waived her right to dismissal of this case based on a purported lack of probable cause. Moreover, the time for filing a motion to dismiss long since has passed.

■ Furthermore, even if defendant had moved to dismiss, the motion would fail because the existence of probable cause is manifest within the four corners of the information package. This Court has ruled that "[w]hen addressing a motion to dismiss a criminal information, a Family Court justice is required to examine the information and any attached exhibits to determine whether the state has satisfied its burden to establish probable cause to believe that the offense charged was committed and that the defendant committed it." *State v. Fritz*, 801 A.2d 679, 682 (R.I. 2002) (citing *State v. Aponte*, 649 A.2d 219, 222 (R.I.1994)). In performing this function, the trial justice should grant the state " 'the benefit of every reasonable inference' " in favor of a finding of probable cause. *State v. Jenison*, 442 A.2d 866, 875–76 (R.I.1982).

■ It is the function of this Court on appeal to examine the record to determine "whether the justice's findings are supported by the evidence or whether, in mak-

ing those findings, the justice misconceived or overlooked material evidence." *Fritz*, 801 A.2d at 683 (citing *State v. Ouimette*, 415 A.2d 1052, 1053 (R.I.1980)).

■ Although we recognize that the mission of the Family Court is to reconcile the parties and reestablish family relations, we are also mindful that there are two parties to a felony prosecution: the defendant and the State of Rhode Island. Both those parties are entitled to a fair hearing. By prohibiting the Attorney General from fully prosecuting a felony information, because of a dismissal in violation of the Court's own rules, the trial justice deprived the state of a fair proceeding. Moreover, "[i]t is well settled in this state that the Attorney General is the only state official vested with prosecutorial discretion." *State v. Rollins*, 116 R.I. 528, 533, 359 A.2d 315, 318 (1976) (citing *Rogers v. Hill*, 22 R.I. 496, 48 A. 670 (1901)). Therefore, the trial justice could not dismiss the information in the absence of a proper motion and without making appropriate findings.

This is not the first occasion in which this Court has been called upon to address the Family Court's failure to comply with its own rules. *See Fritz*, 801 A.2d at 687–89 (vacating the dismissal of a criminal information and remanding the case to the Family Court for a hearing to determine whether probable cause existed to support the allegations). As a matter of law, a proper dismissal of this information would bar any future proceedings against defendant for the alleged offense. Section 12–12–1.10. For the Family Court to undertake a final dismissal, without notice that affords the state an opportunity to be heard, and in the absence of findings, is clear error. The Legislature has seen fit to vest the Family Court with exclusive jurisdiction over a limited class of felony crimes. In exercising that jurisdiction, the

Family Court is obliged to comply with the state's substantive and procedural law. *See Fritz,* 801 A.2d at 689 (Goldberg, J., dissenting) ("It goes without saying that the courts of this state that are vested with felony criminal jurisdiction have concomitant constitutional responsibilities * * *."). Here, the trial justice summarily dismissed the information and failed to make any findings or set forth his reasons for doing so. We deem this reversible error.

## Conclusion

For the reasons stated in this opinion, we vacate the judgment and remand this case to the Family Court for trial.