**Supreme Court**

No. 2011-240-C.A.

(N2/11-48A)

State                              :

v.                               :

Frederick Baillargeron.           :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

|  |  |
|---|---|
| State | : |
| v. | : |
| Frederick Baillargeron. | : |

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

# O P I N I O N

**Justice Robinson, for the Court.** The Attorney General seeks to reverse a decision by a justice of the Superior Court dismissing for lack of probable cause a criminal information against the defendant, Frederick Baillargeron. The defendant was charged by information with threatening a public official with bodily harm "as a result of the lawful performance of his official duties" in violation of G.L. 1956 § 11-42-4.[1] The motion justice ruled that, based on the contents of the information package, the state would not be able to prove beyond a reasonable

---

[1] General Laws 1956 § 11-42-4 reads, in pertinent part, as follows:
"(a) Whoever knowingly and willfully delivers or conveys, directly or indirectly, a verbal or written threat to take the life of, or to inflict bodily harm upon, a public official or a member of his or her immediate family because of the performance or nonperformance of some public duty * * * shall be guilty of a felony * * *."

doubt that the defendant's statements constituted a threat of bodily harm to a public official in the performance of his public duties. The motion justice accordingly dismissed the information.[2]

This matter came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After a careful review of the record and consideration of the parties' arguments (both oral and written), we are satisfied that cause has not been shown and that this appeal may be decided at this time. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

# I

## Facts and Travel

It is undisputed that defendant wrote a letter, dated January 22, 2011, to Peter Martin, a member of the Rhode Island House of Representatives. A form of letterhead appears at the top of the letter setting forth defendant's name, address, and telephone number as well as Peter Martin's name and address. The letter[3] reads as follows:

> "Dear A***hole –
>
> "I really don't give a f***k what you think of my truck.
>
> "As a matter of fact, I have zero respect for anything you think or say.

---

[2]    In dismissing the criminal information at issue in this case, the motion justice relied upon Rule 9.1 of the Superior Court Rules of Criminal Procedure, which reads, in pertinent part, as follows:

> "A defendant who has been charged by information may * * * move to dismiss on the ground that the information and exhibits appended thereto do not demonstrate the existence of probable cause to believe that the offense charged has been committed or that the defendant committed it." See also G.L. 1956 § 12-12-1.10.

[3]    The body of the letter to Representative Martin contains foul language—which, for the sake of decorum, we have sanitized by using ellipses. The emphasis in the letter is in the original.

"Idiots, such as yourself, who support crooked Politicians (like a***hole [name omitted], that supported Police Corruption over The U.S. Constitution) will NEVER receive respect from me. **PERIOD!** As far as I'm concerned, you're all the lowest form of **SCUM** on the face of the Earth – and **ALWAYS** will be! The World will be a better place, when ALL of you are DEAD, including the CROOKED COPS!

"In addition, I don't appreciate a***holes who've threatened me on multiple occasions (ie: YOU) approaching me in public – especially, when alcohol is involved.

"Should you do this **AGAIN**, you just might find out what your teeth taste like – or wind up dead.

"This isn't a threat, but a warning. After the bulls***t I suffered via Newport's **CROOKED F***KING COPS** – I don't plan on allowing others the same opportunity to take advantage of me.

"As such, I'll be defending myself in the future by all means available, including striking first – instead of allowing my life, safety and/or health to be put in jeopardy.

"In closing, I hope you have a miserable day, because you deserve it **AND** are smart enough to **STAY THE F***K AWAY FROM ME!**

"Life is not a joke, a***hole – but YOU are!

"Disgustedly yours,
/s/
"Frederick Baillargeron"

The defendant sent a copy of the just-quoted January 22, 2011 letter to Chief Michael McKenna of the Newport Police Department with a cover letter;[4] that cover letter reads as follows:

"Dear Chief McKenna,

"Enclosed is a copy of the letter I'm sending to corruption supporter & RI Rep. – A***hole, Peter Martin.

---

[4] The cover letter to Chief McKenna also contains foul language—which, for the sake of decorum, we have sanitized by using ellipses.

- 3 -

"You're receiving it, because it specifically mentioned your department & I don't say things behind people's back.

"As such, a copy was also sent to R.I.'s Corruption supporting Senator – A***hole, [name omitted].

"Disgustedly yours,
/s/
"Frederick Baillargeron"

According to the "police narrative," which forms part of the information package, on January 25, 2011, Representative Martin contacted the Rhode Island State Police and requested to speak with a state trooper about the January 22, 2011 letter. Representative Martin reported to the state police that he had encountered defendant at a restaurant two days prior to the date on the letter and that Representative Martin made a comment to defendant about a truck that defendant had refurbished. Representative Martin explained to the state police that defendant did not respond to his comment about the truck, but had "only looked at him angrily." According to the information package: (1) defendant and Representative Martin knew each other; and (2) they had been involved in a confrontation with each other at a dedication ceremony in Newport approximately four years prior to the incident in January of 2011.

On March 24, 2011, the Attorney General filed a criminal information charging defendant with one count of "threaten[ing] * * * a public official with bodily harm as a result of the lawful performance of his official duties, in violation of § 11-42-4." Twelve exhibits were attached to the criminal information, including a state trooper's affidavit, his police narrative, and his witness statement; the information package also included defendant's witness statement, a copy of the January 22, 2011 letter at issue, a copy of the cover letter mailed to Chief McKenna, and Representative Martin's witness statement.

The defendant filed a motion to dismiss for lack of probable cause pursuant to Rule 9.1 of the Superior Court Rules of Criminal Procedure. In his written submission to the Superior Court, defendant conceded that Peter Martin was a public official as defined in § 11-42-4, and he let it be assumed for the purposes of the motion that the state had proven the existence of an actual threat. However, defendant argued that the state had failed to establish probable cause to support a finding that the threat was directed towards Peter Martin <u>in his official capacity as a state representative</u>. A hearing was held before a justice of the Superior Court, who then granted the motion to dismiss, explaining that, even if the letter constituted a threat, that threat "was not directed to Peter Martin in his capacity as a public official." The state filed a timely notice of appeal.[5]

## II

### Standard of Review

In assessing a motion to dismiss an information, a motion justice is charged with "examin[ing] the information and the attached exhibits to determine whether there [is] probable cause to believe that the offense charged [was] committed and that [the accused] had committed it." <u>State v. Reed</u>, 764 A.2d 144, 146 (R.I. 2001) (internal quotation marks omitted). A motion justice's review with respect to the existence of probable cause (<u>vel non</u>) is limited to "the four corners of the information package." <u>State v. Young</u>, 941 A.2d 124, 128 (R.I. 2008) (discussing the standard of review for a motion to dismiss an information for lack of probable cause in the

---

[5] The state filed its notice of appeal prior to entry of the final order granting defendant's motion to dismiss, which order was entered on September 19, 2011. However, it is well settled that "[t]his Court will treat a premature appeal as if it had been timely filed." <u>See</u> <u>Azevedo v. State</u>, 945 A.2d 335, 337 n.4 (R.I. 2008); <u>see also</u> <u>State v. Hesford</u>, 900 A.2d 1194, 1197 n.3 (R.I. 2006) ("A notice of appeal filed prematurely, before the entry of judgment, is valid, because this Court treats the appeal as if it had been filed after the entry of judgment." (internal quotation marks omitted)).

Family Court). It is well settled that "[t]he probable-cause standard to be applied is the same as that for arrest." See State v. Jenison, 442 A.2d 866, 875 (R.I. 1982) (internal quotation marks omitted). Probable cause "exists when the facts and circumstances within the police officer's knowledge and of which he has reasonably trustworthy information are sufficient to warrant a reasonable person's belief that a crime has been committed and that the person to be arrested has committed the crime." Id. at 873–74; see also Henshaw v. Doherty, 881 A.2d 909, 915–16 (R.I. 2005). In reviewing such a motion to dismiss, the "trial justice is to allow the state the benefit of every reasonable inference." See Jenison, 442 A.2d at 876 (internal quotation marks omitted). Our review of a motion justice's decision on a motion to dismiss an information is limited to determining whether the decision was "clearly erroneous." Id. at 875 (internal quotation marks omitted); see also State v. Ouimette, 415 A.2d 1052, 1053 (R.I. 1980).

### III

### Analysis

The information at issue in the instant case sets forth the sole charge against defendant as follows:

> "That [defendant], on or about the 25th day of January, 2011, in the City of Newport, in the County of Newport, did threaten Peter Martin, a public official with bodily harm as a result of the lawful performance of his official duties, in violation of § 11-42-4 of the General Laws of Rhode Island, 1956, as amended (Reenactment of 2002)."

As previously noted, the discrete issue before the motion justice on the motion to dismiss the information was "whether or not there [were] sufficient facts and circumstances contained in the information packet which would lead a reasonable person to believe" that defendant had violated

§ 11-42-4[6] in the manner alleged in the information.  See Jenison, 442 A.2d at 875.  Accordingly, it was the role of the motion justice to scrutinize the information and its attachments in order to determine whether or not there was sufficient evidence to support a probable cause finding that defendant had knowingly and willfully conveyed a threat of bodily harm to Representative Martin "because of the performance or nonperformance of some public duty."  See § 11-42-4.

Although we infer from the exhibits attached to the information that there was some past history of animosity between defendant and Representative Martin, the precise nature of that history is unclear.  The parties agree that there had been a confrontation between defendant and Representative Martin at a dedication ceremony in Newport some four years prior to the incident that gave rise to the criminal information at issue in the instant case.  However, there is no indication in the record of any other interaction between defendant and Representative Martin after that confrontation until the incident that resulted in defendant's letter of January 22, 2011.  According to the witness statements which accompanied the criminal information, on January 20, 2011, defendant and Representative Martin were present at the same restaurant (an establishment called "Billy Goode's"), and Representative Martin made a statement to defendant about defendant's truck.  The defendant did not speak in response.  It is uncontested that, two days later, defendant wrote the letter that eventually led to the issuance of the criminal information.

In our view, the motion justice, after examining the information and the attachments thereto, properly determined that "the State, under no circumstances based on this information package, could succeed in proving beyond a reasonable doubt that [defendant's] statements were

---

[6]    The pertinent portion of § 11-42-4 is quoted in footnote 1, supra.

directed to Mr. Martin while Mr. Martin was engaged in the discharge of his professional, political, or public responsibilities."

It is noteworthy that defendant sent the January 22, 2011 letter to Representative Martin at his home and that the letter's first sentence references defendant's truck—which vehicle Representative Martin stated (in his witness statement) had been the only topic of their interaction two days prior to the date on the letter. We are of the opinion that the motion justice correctly concluded that any threat contained within the letter was separate and apart from Representative Martin's "performance or nonperformance of [his] public duty." See § 11-42-4.

We reiterate that, when evaluating a motion to dismiss an information for lack of probable cause, the analysis should be limited to an examination of the information package. See Young, 941 A.2d at 128; Reed, 764 A.2d at 146. By specifying in the information that defendant had violated § 11-42-4 by threatening Representative Martin "as a result of the lawful performance of his official duties," the state limited itself to that portion of the statute and was not entitled thereafter to expand the charge by referencing other language in the statute.

Accordingly, we hold that the motion justice did not err in dismissing the information because she properly limited her examination of the information and its supporting documents to a search for probable cause that a threat was made as a result of the lawful performance of Representative Martin's duties. And, as we have previously discussed, we agree that there was no evidence in the record of probable cause to support such a charge.

The Attorney General, citing this Court's decision in State v. Grayhurst, 852 A.2d 491, 517–18 (R.I. 2004), belatedly urged us to take a broader view of the statute; in essence, the Attorney General asks this Court to find that there was probable cause to support a violation of

§ 11-42-4 pursuant to the language that is contained within the latter half of the statute—even though that clause was not charged in the information. We decline to do so.

## IV

## Conclusion

For the reasons set forth in this opinion, we affirm the order of the Superior Court. The record may be returned to the Superior Court.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**     State v. Frederick Baillargeron.

**CASE NO:**     No. 2011-240-C.A.
(N2/11-48A)

**COURT:**     Supreme Court

**DATE OPINION FILED:**     January 22, 2013

**JUSTICES:**     Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia JJ.

**WRITTEN BY:**     Associate Justice William P. Robinson III

**SOURCE OF APPEAL:**     Newport County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Melanie Wilk Thunberg

**ATTORNEYS ON APPEAL:**

For State:  Aaron L. Weisman
Department of Attorney General

For Defendant:  Lara E. Montecalvo
Office of the Public Defender