J-A29041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: D.C., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: S.C., BIOLOGICAL MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 944 WDA 2019 |

Appeal from the Order Dated May 28, 2019
In the Court of Common Pleas of Allegheny County Family Court at
No(s): CP-02-DP-000117-2019

| | | |
|---|---|---|
| IN THE INTEREST OF: H.C., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: S.C., BIOLOGICAL MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 945 WDA 2019 |

Appeal from the Order Dated May 28, 2019
In the Court of Common Pleas of Allegheny County Family Court at
No(s): CP-02-DP-000119-2019

| | | |
|---|---|---|
| IN THE INTEREST OF: A.C., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: S.C., BIOLOGICAL MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 946 WDA 2019 |

Appeal from the Order Entered May 28, 2019
In the Court of Common Pleas of Allegheny County Family Court at
No(s): CP-02-DP-000120-2019

| | | |
|---|---|---|
| IN THE INTEREST OF: F.C., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  | : |  |
|---|---|---|
| APPEAL OF: S.C., BIOLOGICAL MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 947 WDA 2019 |

Appeal from the Order Entered May 28, 2019
In the Court of Common Pleas of Allegheny County Family Court at
No(s):  CP-02-DP-000121-2019

| IN THE INTEREST OF: G.C., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| | : | |
| APPEAL OF: S.C., BIOLOGICAL MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 948 WDA 2019 |

Appeal from the Order Dated May 28, 2019
In the Court of Common Pleas of Allegheny County Family Court at
No(s):  No. CP-02-DP-000122-2019

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

CONCURRING AND DISSENTING MEMORANDUM BY KUNSELMAN, J.:

FILED: January 21, 2020

In this matter, H.C. alleged that her stepfather, J.B., sexually abused her from the age of six until the age of ten.  She claimed further that Mother failed to protect her.  The Allegheny County Office of Children, Youth and Families (CYF) and the children's guardian *ad litem* (GAL) believed the allegations.  Multiple trained professionals also believed the allegations, none

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

more important than the dependency court. *See* T.C.O., 8/16/19, at 8* (not paginated) (citation to the transcript omitted). As a consequence of H.C.'s disclosures and Mother's failure to act, the dependency court adjudicated H.C. and her siblings dependent. However, these disclosures were hearsay. As the Majority correctly concludes, the dependency court erred by considering H.C.'s disclosures for the truth of the matter asserted. The hearsay was admissible, but only to understand "the declarant's then-existing state of mind" or "emotional, sensory, or physical condition." *See* Pa.R.E. 803(3). Notwithstanding the error, the Majority concluded that veracity of H.C.'s allegations was immaterial and affirmed all of the children's dependency adjudications.[1]

I am constrained to join my learned colleagues' decision regarding H.C., and to dissent from their decision regarding the other children. I employ the term "constrained," because this panel was boxed into making determination without being able to consider the truth of these horrific allegations. Although

---

[1] The Majority evidently employs a right-for-any-reason rationale. *See, e.g., In re E.P.*, 941 A.2d 128, 130 n.1 (Pa. Super. 2003) ("If a trial court gives specific reasons for its disposition, we may only examine its stated reasons. Where the trial court leaves open the possibility that reasons other than those specifically mentioned support its decision we apply a 'broad scope of review, examining the entire record for any reason sufficient to justify' the trial court's conclusion.") (Citation omitted).

While the dependency court clearly found sexual abuse, the court also noted Mother's non-credible testimony about safety precautions, H.C.'s sexually suggestive behavior, and her need for psychological treatment. Thus, I believe the dependency court left open the possibility that this Court could affirm the dependency adjudications on grounds other than the sexual abuse.

H.C.'s declarations were hearsay, a clear avenue exists that would have allowed the dependency court to consider squarely the truth of these allegations. For reasons unknown, this was a road not taken by either CYF or the GAL. I am referring to the child-victim hearsay exception, as statutory prescribed by 42 Pa.C.S.A. § 5986.

The child-victim hearsay exception provides that statements "made by a child describing acts of indecent contact, sexual intercourse or deviate sexual intercourse performed with or on the child by another "are admissible in a dependency proceeding involving that child if the court finds, "in an *in camera* hearing, that the evidence is relevant and that the time, content, and circumstances of the statement provide sufficient indicia of reliability," and the child either testifies at the proceeding or is found by the court to be unavailable as a witness. 42 Pa.C.S.A. § 5986(a). In order to find the declarant-child "unavailable," the court must determine that "testimony by the child as a witness will result in the child suffering serious emotional distress that would substantially impair the child's ability to reasonably communicate." 42 Pa.C.S.A. § 5986(b). To reach that conclusion, the court may hear testimony from, *inter alia*, "a person who has dealt with the declarant-child in a medical or therapeutic setting." 42 Pa.C.S.A. § 5986(b)(ii).

Upon my review of the record, it appears that H.C.'s allegations would have properly fallen within the child-victim hearsay exception had either CYF or the GAL merely asked the dependency court to conduct the required *in camera* hearing. First, the dependency court seemed prepared to make the

requisite findings under Section 5986(a).[2]  Second, the evidence also appeared to suggest that H.C. would experience "emotional distress" impairing her ability to communicate, pursuant to Section 5986(b).[3]  Both prongs of the child-victim hearsay exception appeared to have been met.

Perhaps it was not so simple.  Perhaps CYF and the GAL could not satisfy the minimal conditions of the Section 5986.  I am not privy to all the strategic decisions that lie just below the litigation's surface.  But I hope the decision not to pursue the child-victim hearsay exception was a mindful choice and not the result an oversight.

Determining whether a child has been sexually abused by a family member is among the most difficult and consequential determinations a trial judge can make.  Moreover, it is **impossible** for this Court, given our role and distance from the proceeding, to ever make that determination for ourselves.

---

[2] In its Rule 1925 opinion, the dependency court stated:

> "Moreover the statements of H.C., who was present but excused from the April 11, 2019 hearing without objection by Appellant's counsel, and was present at the May 23, 2019 hearing, were arguably admissible pursuant to 42 Pa.C.S.A. § 5986[.]"

T.C.O. at 10* (not paginated).

I note, however, the dependency court's reliance on **Commonwealth v. Allshouse**, 36 A.3d 163 (Pa. 2012) was misplaced, as that case concerns criminal proceedings and the implication of the Sixth Amendment's Confrontation Clause.

[3] Sarah Gluzman, the forensic interviewer to whom H.C. disclosed the allegations, testified that H.C. was so uncomfortable during portions of her disclosure that she could not speak. **See** N.T., 4/11/19, at 125.

But because the admission of the hearsay was not pursued under the child-victim exception, this Court must now disregard the sober judgment of the dependency court and set aside the finding that H.C. was repeatedly abused by her stepfather.

Nevertheless, I must agree with the Majority's decision to affirm the adjudication of H.C. The Majority wisely relies on our recent precedent in **Interest of I.R.-R.**, 208 A.3d 514 (Pa. Super. April 24, 2019), wherein this Court ruled that similar hearsay disclosures were admissible – not for the truth of the matter asserted – but for the limited purpose of demonstrating the child's state of mind and need for therapy and treatment.

Thus, I am able to consider: H.C.'s allegations strictly in terms of her state of mind and need for therapy; her sexually explicit behavior; her Mother's decision not to seek treatment for her; and perhaps most importantly, the dependency court's determination that Mother's testimony was not credible.[4] Like the Majority, I conclude that the dependency court's adjudication of H.C. did not constitute an abuse its discretion.

But I am constrained to do so. Unlike the dependency court, which explicitly found that the sexual abuse occurred, I can only conclude that that H.C. is without proper care and control because she is in need of therapy, and

---

[4] Unlike in **Interest of I.R.-R.**, this record includes ancillary facts allowing us to affirm the dependency court's adjudication. And I as mentioned above, I believe the dependency court's findings allow for the affirmation of the adjudications for reasons other than the sexual abuse. **See In re E.P.**, **supra,** at n.1.

that need has gone ignored by her parents for years. To be sure, this is a significantly more attenuated basis for dependency than sexual abuse. I only join the Majority, because I believe our adherence to the abuse-of-discretion standard necessitates it. I opine further that H.C.'s ignored need for treatment is the only condition that led to H.C.'s removal and thus the only condition that must be remedied by the parents. *See, e.g.,* 23 Pa.C.S.A. § 2511 (a)(5) ("Grounds for involuntary termination"). Of course, I recognize that this situation may change as the dependency court conducts review hearings and as the criminal court conducts its proceedings.

Regarding the dependency of the other children, I also agree with the Majority's reliance on *In re M.W.*, 842 A.2d 425 (Pa. Super. 2004) for the proposition that a sibling's dependency adjudication may be evidence of a genuine risk to all of the parent's children. Had I been able to consider H.C.'s allegations for their truth, I would certainly conclude that J.B.'s sexual abuse of H.C. – and Mother's failure to protect H.C. – constituted a grave risk, not only to H.C., but also to her siblings; and I would affirm their dependency adjudications as well. However, because H.C.'s disclosures were not admitted under the child-victim exception, I cannot base my decision regarding the siblings on the truth of these allegations. I can only consider H.C.'s neglected need for therapy and her resulting behavior. Even still, I agree there is a link between the harm befallen to H.C. and the risk that the same harm might befall her siblings. But without a sexual abuse finding, this link does not meet the clear and convincing evidentiary standard for dependency, and so I cannot

join my colleagues to conclude that the other children are without parental care.

Finally, I concur with the Majority's conclusion that the dependency court did not err by failing to appoint a separate lawyer to represent the younger children's legal interests. However, I depart from the Majority's reasoning. In **In re Adoption of K.M.G.**, 219 A.3d 662, 669 (Pa. Super. September 13, 2019) (*en banc*), this Court concluded that a parent who claims that the GAL has conflict must raise this issue before the lower court. On December 9, 2019, our Supreme Court granted allowance of appeal to determine whether this Court can raise the conflict *sua sponte*. Instantly, it appears that Mother and J.B. did not raise the conflict before the dependency court, but did so only for the first time on appeal. Although **In re Adoption of K.M.G.** will be reviewed by the Supreme Court, its current operation means that the parents waived the issue in this case. **See** Pa.R.A.P. 302(a).

For the aforementioned reasons, I respectfully concur in part and dissent in part.